UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22239-CIV-KING/BANDSTRA

DWAYNE CRAWFORD, individually, and on
behalf of similarly situated individuals,

      Plaintiff,

v.

LG BAL HARBOUR, LLC, a Delaware
Limited Liability Company d/b/a LA
GOULUE RESTAURANT,

      Defendant.

_____/

## DEFENDANT'S ANSWER AND DEFENSES

      Defendant, LG BAL HARBOUR, LLC, through its counsel, Epstein Becker & Green, P.C., file this Answer and Defenses to Plaintiff's Complaint.

## ANSWER

      In response to the numbered paragraphs of the Complaint, Defendant states:

      1.     Defendant admits that Plaintiff was employed by Defendant LG BAL HARBOUR, LLC ("LG") as a Bartender and Server. Defendant denies that Crawford was not paid the minimum wage or overtime compensation during any periods relevant to this lawsuit, or that he was retaliated against. The remainder of paragraph 1 characterizes this lawsuit, and no response from Defendant is required. To the extent that any response is required, Defendant denies there is any factual or legal basis for this lawsuit.

CASE NO.: 09-22239-CIV-KING/BANDSTRA

2.      Defendant is without information sufficient to admit or deny the allegations of paragraph 2 with regard to Plaintiff's residence.  Defendant admits that Plaintiff was employed by LG as a Bartender and Server.

3.      Defendant denies the allegations in paragraph 3 on the grounds that the term "at all relevant times" is vague.  Defendant admits -that Plaintiff was emloyed by Defendant.

4.      Defendant denies the allegations in paragraph 4 on the grounds that the term "at all relevant times" is vague.

5.      Defendant denies the allegations in paragraph 5 on the grounds that the term "at all relevant times" is vague.  Defendant admits the remaining allegations in paragraph 5.

6.      Defendant denies the allegations in paragraph 6 on the grounds that the term "at all relevant times" is vague.  Defendant admits the remaining allegations in paragraph 6.

7.      Defendant denies the allegations in paragraph 7.

## JURISDICTION AND VENUE

8.      Defendant admits that this Court has jurisdiction over this case.

9.      Defendant denies that it committed any wrongful acts, but admits that venue in this district is proper.

10.     Defendant denies the allegations of paragraph 10.

## RESPONSE TO COUNT I

11.     Defendant incorporates by reference its responses to paragraphs 1 through 10, as if fully set forth herein.

12.     Defendant admits the allegations in paragraph 12.

13.     Paragraph 13 states a legal conclusion to which no response is required. Defendant avers that Plaintiff and all others similarly situated always received at least the

CASE NO.: 09-22239-CIV-KING/BANDSTRA

prevailing minimum or a reduced minimum wage in accordance with the tip credit provisions of the FLSA.

14.     Paragraph 14 states a legal conclusion to which no response is required. Defendant avers that Plaintiff always received the applicable overtime compensation owed to him.

15.     Paragraph 15 is vague and therefore Defendant cannot admit or deny it.  LG has taken a tip credit and used a tip pool, though not for all employees.

16.     Defendant denies the allegations of paragraph 16.

17.     Defendant denies the allegations of paragraph 17.

18.     Defendant denies the allegations of paragraph 18.

19.     Defendant denies the allegations of paragraph 19.

20.     Defendant denies the allegations of paragraph 20.

21.     Defendant is without information sufficient to admit or deny the allegations of paragraph 21.

In response to the ad damnum clause following paragraph 21, Defendant denies that Plaintiff is entitled to any of the relief requested.

## **RESPONSE TO COUNT II**

22.     Defendant incorporates by reference their responses to paragraphs 1 through 10, as if fully set forth herein.

23.     Defendant denies the allegations of paragraph 23.

24.     Defendant denies the allegations of paragraph 24.

25.     Defendant denies the allegations of paragraph 25.

26.     Defendant denies the allegations of paragraph 26.

MI:1907034v1

27.     Defendant is without information sufficient to admit or deny the allegations of paragraph 27.

In response to the ad damnum clause following paragraph 27, Defendant denies that Plaintiff is entitled to any of the relief requested.

Defendant denies all allegations of the Complaint except for those expressly admitted herein.

Defendant additionally denies that there are any issues to be tried to a jury.

### DEFENSES

1.     Defendant asserts that the claims of Plaintiff and any similarly situated employees are barred by payment in that they have already received all the compensation to which they are entitled.

2.     Defendant asserts that Plaintiff and any similarly situated employees are not entitled to liquidated damages because Defendant did not willfully or otherwise violate the FLSA.  Further, if any violation is established, Defendant had a good faith belief that it was in compliance with the FLSA.

3.     Defendant asserts that all wage and compensation-related decisions with respect to Plaintiff or other similarly situated employees were made in good faith, and Defendant had reasonable grounds to believe it was not violating the FLSA.

4.     Defendant asserts that all decisions with respect to Plaintiff's employment or termination thereof were made for legitimate, non-retaliatory reasons.

5.     Defendant failed to act reasonably to mitigate his alleged damages.

6.     Defendant reserves the right to assert additional affirmative defenses as discovery may reveal.

MI:1907034v1

CASE NO.: 09-22239-CIV-KING/BANDSTRA

WHEREFORE, Defendant respectfully requests that the Court enter judgment dismissing the Complaint with prejudice, awarding Defendant its reasonable attorneys' fees and costs in this action, and granting Defendant such other relief as the Court may deem just and proper.

**s/ Richard D. Tuschman**
Richard D. Tuschman, Esq.
Florida Bar No. 907480
rtuschman@ebglaw.com
Jennifer L. Poole, Esq.
jpoole@ebglaw.com
Florida Bar. No. 0608661
Trial Counsel for Defendant
Wachovia Financial Center
200 South Biscayne Boulevard
Suite 4300
Miami, Florida  33131
Tel: (305) 579-3250
Fax: (305) 579-3201

MI:1907034v1

CASE NO.: 09-22239-CIV-KING/BANDSTRA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22239-CIV-KING/BANDSTRA

DWAYNE CRAWFORD, and on behalf of
similarly situated individuals,

                   Plaintiff,

vs.

LG BAL HARBOUR, LLC, a Delaware
Limited Liability Company d/b/a LA
GOULUE RESTAURANT,

                   Defendant.

_____/

## **CERTIFICATE OF SERVICE**

       I hereby certify that on the 17th day of August, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                        **s/ Richard D. Tushman**
                                        Richard D. Tuschman, Esq.

MI:1907034v1

CASE NO.: 09-22239-CIV-KING/BANDSTRA

## SERVICE LIST

**Dwayne Crawford v. LG BAL HARBOUR, LLC d/b/a
LA GOULUE RESTAURANT**

**CASE NO. 09-22239-CIV-KING/BANDSTRA**

Peter F. Valori, Esquire
Florida Bar No. 0702331
Email: pvalori@dvllp.com
Rusell Landy, Esquire
Florida Bar NMo. 0044417
DAMIAN & VALORI, LLP
*Counsel for Plaintiff, Dwayne Crawford*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: 305.371.3960
Facsimile: 305.371.3965

*Service via transmission of Notice of Electronic Filing generated by CM/ECF*

MI:1907034v1